IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JONATHAN G. DAHMS**, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Civ. Act. No. 04-1390-GMS |
| ) | |
| **LARRY McGUIGAN**, Warden, ) | |
| ) | |
| Respondent ) | |

**ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, respondent submits the following in response to the petition for a writ of habeas corpus:

1. On February 22, 2002, Jonathan Dahms entered the Boscov Department Store in Newark. There, he went to the electronics section of the store where store security personnel watched him by means of video surveillance. Store security watched as Dahms took two DVD players and walked beyond the cash registers without paying for them. Two security guards confronted Dahms outside the store. Dahms refused to relinquish the merchandise, and the guards attempted to restrain Dahms. At this point, the three men began to struggle.[1]

---

[1] *See* Appendix to Answering Brief at 1, *Dahms v. State*, No. 100, 2004 (Del. Aug. 17, 2004).

2. Dahms' wife, Tracy, now drove to the curb near the three men. Dahms yelled to her to "get the gun." Tracy then came out of the car, brandishing a dark colored revolver and telling the security guards, "If you don't let him go I am going to f---ing kill you." The guards moved away from Dahms who, in turn, dropped the DVD players, jumped into the car, and fled the scene. During the struggle, Dahms had lost both his jacket and his sweatshirt, and a search of the jacket revealed a crack pipe.[2]

3. The grand jury indicted Dahms in April 2002, charging him with two counts of attempted first degree robbery, possession of a firearm during the commission of a felony, second degree conspiracy, and possession of drug paraphernalia. In May 2003, the grand jury returned a superseding indictment, adding Dahms' wife to the indictment. On the day that trial was to begin, Dahms pled guilty to one count of attempted first degree robbery. In exchange, the prosecution entered a *nolle prosequi* on the remaining charges and recommended a sentence of 8 years imprisonment, suspended after 3 years imprisonment for 3 years home confinement or work release, suspended in turn after 6 months. Dahms did not appeal the conviction or sentence.

4. In 2003, the General Assembly amended the probation statute, Del. Code Ann. tit. 11, §4333. As explained in the synopsis to the amending bill, the legislature intended to reduce the number of offenders on probation and the costs associated with

---

[2] *See* Appendix to Answering Brief at 1, 3, *Dahms v. State*, No. 100, 2004 (Del. Aug. 17, 2004).

the supervision of those offenders.[3] To accomplish that result, the General Assembly limited the probationary term that can be imposed. In the case of a violent felony, as defined by section 4201(c) of Title 11, the probationary period is limited to two years unless the court makes additional specified findings. Del. Code Ann. tit. 11, §4333(b)(2), (d)(2), (e) (Supp. 2004). The amendment went into effect June 1, 2003. *See* Del. Code Ann. tit. 11, §4333, revisor's note (Supp. 2004).

5. Dahms pled guilty on June 10, 2003 to attempted first degree robbery, a violent felony under section 4201(c). In September 2003 and again in January 2004, Dahms moved to modify his sentence. Superior Court denied the motions, but Dahms did not appeal from those decisions. Instead, in February 2004, he again moved to modify his sentence. According to Dahms, the probationary term imposed on him exceeded the probationary period authorized by the 2003 amendment to the probation statute. Superior Court denied the motion, holding that the amendment did not apply to crimes committed before the effective date of the amendment. On appeal, the state supreme court agreed. *Dahms v. State*, No. 100, 2004 (Del. Aug. 17, 2004).

6. In his federal habeas petition, Dahms presents only one claim: the probationary term imposed on him exceeds the term authorized by statute. DI 1, ¶12A. Having presented the claim to the state supreme court in his 2004 appeal, Dahms has exhausted state remedies. However, Dahms is not entitled to relief: the interpretation

---

[3]*See* Appendix to Answering Brief at 9, *Dahms v. State*, No. 100, 2004 (Del. Aug. 17, 2004) (reproducing bill).

of the 2003 amendment to section 4333, in light of the general savings statute in the state Criminal Code (Del. Code Ann. tit. 11, §211), presents only a question of state law. *Halko v. Anderson*, 244 F.Supp. 696, 703 (D. Del. 1965). The state supreme court decided in Dahms' case that by operation of section 211, the prior version of section 4333 remained in effect for the purpose of Dahms' sentencing, and the Superior Court could accordingly impose a probationary term of more than two years. That determination by the state supreme court is binding on this court. *See Boyd v. Garraghty*, 202 F.Supp.2d 322, 329 (D. Del. 2002); *Halko*, 244 F.Supp. at 703. Because the sentence imposed on Dahms was authorized by state law,[4] Dahms states no claim for relief. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus.").

    7. Based upon the Superior Court docket sheet, it appears that the transcripts of Dahms' plea colloquy and sentencing have not been prepared. In the event that the Court directs production of any transcript, respondents cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the Court.

---

[4] At the time of Dahms' offense, first degree robbery was classified as a class B felony. Del. Code Ann. tit. 11, §832 (Repl. 2001). A class B felony is punishable by not less than 2 and not more than 20 years imprisonment. Del. Code Ann. tit. 11, §4205(b)(2) (Repl. 2001). The Superior Court judge, under state law, could impose a term of imprisonment and suspend, for probation, a portion of the prison term. Del. Code Ann. tit. 11, §4204(c)(7) (Repl. 2001).

    8. The petition for a writ of habeas corpus should accordingly be dismissed.

        /s/ **LOREN C. MEYERS**
        Loren C. Meyers
        Chief of Appeals Division
        Department of Justice
        820 N. French Street
        Wilmington, DE  19801
        (302) 577-8500
        Del. Bar ID 2210
        loren.meyers@state.de.us

June 20, 2005

**CERTIFICATE OF SERVICE**

The undersigned, being a member of the Bar of the United States District Court for the District of Delaware, hereby certifies that on June 20, 2005,

1.  He caused two copies of the attached document (Answer) to be deposited in the United States Mail, first class postage prepaid, addressed to the following non-registered participant:

Jonathan G. Dahms
2801 Benner St.
Philadelphia, PA  19137

2.  He electronically filed the Answer with the Clerk of the District Court using CM/ECF.

/s/ **LOREN C. MEYERS**
Loren C. Meyers
Chief of Appeals Division
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID 2210
loren.meyers@state.de.us