IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JONATHAN G. DAHMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-1390-GMS |
| | ) | |
| LARRY McGUIGAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

---

Jonathan G. Dahms. *Pro se* petitioner.

Loren C. Meyers, Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

**MEMORANDUM OPINION**

March 30, 2006
Wilmington, Delaware

Sleet, District Judge

## I. INTRODUCTION

Petitioner Jonathan G. Dahms ("Dahms") filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.) For the reasons that follow, the court will dismiss his petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 22, 2002, Dahms entered the Boscov Department Store in Newark, Delaware. By video surveillance, security watched Dahms take two DVD players and walk beyond the cash registers without paying for them. Two security officers confronted Dahms outside the store. He refused to relinquish the merchandise, and the guards attempted to restrain him. At this point, the three men began to struggle.

Dahms' wife, Tracy, drove to the curb near the three men. Dahms yelled to her to "get the gun." Tracy came out of the car, brandishing a dark colored revolver and telling the security guards, "If you don't let him go I am going to f—ing kill you." The guards moved away from Dahms. Dahms dropped the DVD players, jumped into the car, and fled the scene. During the struggle, Dahms had lost both his jacket and his sweatshirt, and a search of the jacked revealed a crack pipe.

In April 2002, the grand jury indicted Dahms, charging him with two counts of attempted first degree robbery, possession of a firearm during the commission of a felony, second degree conspiracy, and possession of drug paraphernalia. In May 2003, the grand jury returned a superseding indictment, adding Dahms' wife to the indictment. While his prosecution was pending, the Delaware General Assembly proposed an amendment to the Delaware probation

statute, Del. Code Ann. tit. 11, § 4333. (D.I. 10) The proposed amendment reduced the maximum probation term that could be imposed for violent felonies under 11 Del. Code Ann. tit. 11, § 4201(c) to two (2) years. The amendment went into effect June 1, 2003. *See* Del. Code Ann. tit. 11, § 4333 (2005)(Revisor's note).

On June 10, 2003, the day that trial was to begin, Dahms pled guilty to attempted first degree robbery, which is categorized as a violent felony under section 4201(c). In exchange, the prosecution entered a nolle prosequi on the remaining charges. Dahms was immediately sentenced to eight years of imprisonment at Level V, suspended after three years for three years at Level IV, suspended in turn after six months for a total of two years at Level III and II.

Dahms did not appeal the conviction or sentence. Rather, he presented three separate motions for modification of sentence to the Superior Court, which the court denied. Dahms only appealed the denial of this third motion for modification of sentence. The Delaware Supreme Court affirmed the Superior Court's decision. *See Dahms v. State*, 858 A.2d 960 (Table), 2004 WL 1874650 (Del. Aug. 17, 2004).

## III. DISCUSSION

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations on state law issues. *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Riley v. Taylor*, 277 F.3d 261, 310 n.8 (3d Cir. 2001). Therefore, claims based on a state court's sentencing decision are not normally cognizable on federal habeas review unless the petitioner

demonstrates that the sentence exceeds statutory limits or was imposed in violation of a right guaranteed by the Federal Constitution. *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

Dahms' habeas petition asserts that his sentence is excessive because the five year probationary period violates the current probation statute. The Delaware Supreme Court denied this claim after determining that the amendment to the probation statute did not apply to crimes committed before the effective date of the amendment. *See Dahms,* 2004 WL 1874650, at *1. The Delaware Supreme Court reached this conclusion by applying Delaware's savings clause statute. *Id.*

Dahms' assertion that his sentence is excessive under state law actually hinges on the applicability of the June 1, 2003 statutory amendment to his case. In essence, Dahms is challenging the Delaware Supreme Court's interpretation of state law, which fails to present an issue cognizable on federal habeas review. Further, the sentence imposed on Dahms was within state statutory limits,[1] and Dahms does not allege a violation of Federal law. The court concludes that Dahms' sole claim fails to assert an issue cognizable on federal habeas review. Accordingly, the court will dismiss Dahms' petition.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule

---

[1] At the time of Dahms' offense, first degree robbery was classified as a Class B felony. Del. Code Ann. tit. 11, § 832 (Repl. 2001). A class B felony is punishable by not less than 2 and not more than 20 years imprisonment. Del. Code Ann. tit. 11, § 4205(b)(2)(Repl. 2001). Additionally, state law permitted the Superior Court judge to impose a term of imprisonment and suspend, for probation, a portion of the prison term. Del. Code Ann. tit. 11, § 4204(c)(7)(Repl. 2001).

3

22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court concludes that Dahms' petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Dahms' petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JONATHAN G. DAHMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-1390-GMS |
| | ) | |
| LARRY McGUIGAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Jonathan G. Dahms' petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is DISMISSED, and the relief requested therein is DENIED.  (D.I. 1.)

2. The court declines to issue a certificate of appealability.

Dated: March 30, 2006

_____
UNITED STATES DISTRICT JUDGE